# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CEDRICK Q. KELLY, | ) | CASE NO.  5:20-cv-211 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CITY OF NEW PHILADELPHIA, | ) | |
| OHIO, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Cedrick Q. Kelly ("Kelly") brings this action pursuant to 42 U.S.C. § 1983 against defendants City of New Philadelphia, the New Philadelphia Police Department, and James D. Miller ("Miller") in his official capacity. (Doc. No. 3 ["Am. Compl."] at 18.[1]) Kelly moves to proceed with this action *in forma pauperis* (Doc. No. 2), and that motion is granted.

For the reasons that follow, this case is dismissed.

## I. Background

Kelly alleges that, beginning on March 4, 2016, defendant Miller, a police officer with the New Philadelphia Police Department, stopped Kelly for speeding and Kelly's vehicle was searched by a county K-9 unit. On February 13, 2018, Kelly was arrested on an indictment for possession of drug and cocaine trafficking in connection with the March 4th stop. Kelly alleges that, during a suppression hearing on August 21, 2018, the deputy handling the drug dog for the search on March 4th testified that the dog did not alert. Kelly was nevertheless convicted on

---

[1] All page number references are to the page identification numbers generated by the Court's electronic filing system.

December 11, 2018 for possession of drugs and trafficking and sentenced to 45 days in jail. (Am. Compl. at 19-20.) He claims in the instant action that this conviction was due to police misconduct by defendants and violation of his constitutional rights. (*Id.* at 21.)

Kelly further claims that, on March 29, 2016, he was again followed and cited by Miller for pulling out of a gas station without his headlights on. At the March 29th stop, Kelly's vehicle was searched for drugs. (*Id.* at 20.)

The complaint does not allege any further interaction between Kelly and Miller until almost three years later on February 20, 2019. On that date, Miller stopped Kelly for speeding. Kelly was driving with a suspended Ohio license but had a valid Tennessee license. Miller impounded Kelly's vehicle and searched it. Kelly alleges that, three days later on February 23, 2019, Miller stopped a vehicle in which Kelly was a passenger and "conducted a license check" on Kelly and searched the vehicle. (*Id.*)

Kelly claims that these searches violate the Fourth Amendment of the United States Constitution and constitute police misconduct, including violations of Ohio statutes, falsifying reports, fabricating evidence, and malicious prosecution. (*Id.* at 21-22.) In addition to other relief sought, Kelly asks this Court to "[o]verturn and expunge all criminal and traffic convictions in which the Plaintiff was subject to [sic] due to police misconduct by Defendants." (*Id.* at 23.)

**II. Discussion**

**A. Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an *in forma pauperis*

action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk,* 99 F.3d at 197).

## B.  Analysis

### Kelly's federal claims are dismissed

The complaint is unclear as to the status of Kelly's state court convictions. To the extent that proceedings remain pending and through this action Kelly asks this Court to intervene, the Court may not do so. A federal court must abstain from interfering with pending state court proceedings involving important state interests, absent extraordinary circumstances not present here. *See Younger v. Harris*, 401 U.S. 37, 44–45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Abstention is appropriate where: (1) state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford plaintiff with an adequate opportunity to raise federal questions. Criminal proceedings implicate important state interests.

*Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43–45). With respect to the third factor, it is Kelly's burden to demonstrate that he is barred from presenting any federal claim that he may have in the state court proceedings, and he does not allege here that those proceedings did not or could not provide him with an opportunity to do so. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14–15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987). So, to the extent Kelly's state court proceedings remain pending, the second and third factors of the *Younger* abstention analysis are satisfied, and the Court abstains from interfering with those proceedings.

Also unclear is Kelly's status with respect to his Ohio state court convictions. To the extent that he remains "in custody"[2] in alleged violation of his constitutional rights, *habeas corpus* is his exclusive remedy. *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–490, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)). Section 1983 may not be used to challenge a state conviction unless the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87. Kelly does not allege or infer in the complaint that his state court convictions have been resolved in his favor or invalidated in any of the ways articulated in *Heck*.

---

[2]  The "in custody" requirement for habeas relief is satisfied when an individual is on parole. *See DePompei v. Ohio Adult Parole Auth.*, 999 F.2d 138, 140 (6th Cir. 1993) ("The Supreme Court has determined that parole is a form of custody for the purposes of a habeas corpus action.") (citing *Jones v. Cunningham*, 371 U.S. 236, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963)).

Lastly, to the extent Kelly's complaint constitutes an appeal of any state court proceeding, this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S. Ct. 149, 68 L. Ed. 362 (1923). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive [of] the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296–97 (8th Cir. 1990) (quoting *Pennzoil*, 481 U.S. at 25)), *amended on other grounds* 243 F.3d 234 (6th Cir. 2001). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415–16. This Court lacks jurisdiction to entertain such an appeal or grant the relief requested.

### Kelly's state law claims are dismissed

To the extent that Kelly is asserting any state law claims, the Court declines to exercise jurisdiction over those claims. A district court "may decline to exercise supplemental jurisdiction over a claim" if that court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The decision to exercise supplemental jurisdiction depends on "judicial economy, convenience, fairness, and comity [ ... ]." *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.,* 89 F.3d 1244, 1254–55 (6th Cir. 1996). Having dismissed all of Kelly's federal claims at

this early stage of litigation, the Court declines to exercise supplemental jurisdiction over any state law claim Kelly may have.

### III. Conclusion

For all the foregoing reasons, this action is dismissed. Kelly's motion to proceed *in forma pauperis* is granted (Doc. No. 2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: May 5, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**